UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KATHRYN ARLENE CLEMENT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　Respondents. | Case No. 2:17-cv-02730-GMN-PAL<br><br>**ORDER** |

　　　　Petitioner has paid the filing fee. The court has reviewed her petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to file an amended petition that names the correct respondent.

　　　　Petitioner has named the State of Nevada as the respondent. That is incorrect. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the correct respondent is the warden of the prison where she is held. Petitioner will need to file an amended petition that names the correct respondent and also re-alleges all her claims for relief. Any claim that petitioner does not re-allege will be waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

　　　　Petitioner has filed a motion for appointment of counsel (ECF No. 2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district

court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT THEREFORE IS ORDERED that the motion for appointment of counsel (ECF No. 2) is **DENIED**.

IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the case number, 2:17-cv-02730-GMN-PAL, above the word "AMENDED."

IT FURTHER IS ORDERED that the clerk shall add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

///

///

///

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

DATED: April 25, 2018

_____
GLORIA M. NAVARRO
Chief United States District Judge